IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

ERNEST HUNTER, JR., PLAINTIFF,

VS. CIVIL ACTION NO. 4:11CV0008-NBB-DAS

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

FINAL JUDGMENT

This matter comes before the court upon the February 2, 2012 Report and Recommendation of the United States Magistrate Judge that the court overrule the claimant's appeal and affirm the Commissioner's decision denying supplemental security income benefits. After due consideration of the Report and Recommendation, as well as the claimant's objections filed thereto, the court finds as follows, to-wit:

The court is in agreement with the Magistrate Judge's report and recommendation and adopts and incorporates herein his reasoning. An additional word should be said regarding the claimant's argument that the administrative law judge ("ALJ") and the Magistrate Judge used the incorrect standard to determine whether Mr. Hunter's impairments were "severe" or "not severe" – determinations which lead to the Commissioner's ultimate decision whether to provide a claimant SSI disability benefits. It is undisputed that the Fifth Circuit's decision in *Stone v. Heckler*, 752 F.2d 1099 (5th Cir. 1985) and its progeny must be complied with when determining which standard to use in deciding whether an impairment is or is not severe. The consequences for ignoring *Stone*'s definition of "not severe" impairment can result in automatic remand to the ALJ. However, it is also true that "[a] case will not be remanded simply because the ALJ did not use 'magic words.'" *Hampton v. Bowen*, 785 F.2d 1308, 1311 (5th Cir. 1986).

1

The Court in *Stone* held that the proper standard to determine whether an impairment is "not severe" is: "a slight abnormality [having] such *minimal effect* on the individual *that* it *would not* be expected to *interfere with the individual's ability to work*, irrespective of age, education or work experience." 752 F.2d at 1011 (emphasis added).

The ALJ in this case used the following standard for "not severe": "An impairment or combination of impairments is 'not severe' when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have *no more than a minimal effect on an individual's ability to work*." (emphasis added).

The key language in *Stone* is that an impairment is "not severe" if it has a "minimal effect ... that ... would not ... interfere with the individual's ability to work." The key language used by the ALJ is that an impairment is "not severe" when it would have "no more than a minimal effect on an individual's ability to work." There is no functional difference between these two standards. The standards set forth in *Stone* does not require that an impairment merely "interfere" with the ability to work. The term "minimal effect" earlier in the sentence modifies "interfere."

Accordingly, the ALJ and Magistrate Judge complied with the Fifth Circuit's decision in *Stone* regarding the standard to be used in determining whether an impairment is "not severe."

IT IS THEREFORE ORDERED AND ADJUDGED that:

(1) The February 2, 2012 Report and Recommendation of the United States Magistrate Judge that the court overrule the claimant's appeal and affirm the Commissioner's decision denying supplemental security income benefits is sustained and adopted by the court; therefore,

(2) The claimant's appeal of the Commissioner's decision to deny supplemental security income benefits is overruled and the Commissioner's decision is affirmed, and

(3) This case is closed.

SO ORDERED this the 28th day of March, 2012.

    /s/ Neal Biggers
**NEAL B. BIGGERS, JR.**
**UNITED STATES DISTRICT JUDGE**